COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-301-CR

EX PARTE 

RICHARD COLUMBUS STRICKLIN II 

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Richard Columbus Stricklin, II was indicted on November 5, 2004, on four counts of aggravated sexual assault of a child and two counts of indecency with a child.  The complainant in this case is Appellant’s daughter.

Appellant’s attorneys reviewed the State’s files at the Tarrant County District Attorney’s office on four different occasions.  The weekend before the case was initially set for trial, Appellant’s attorneys learned from Appellant’s mother that in 1994, while living in Missouri, the complainant had made an accusation of child abuse against the owner of a daycare center.  The complainant was living with Appellant and her mother when the accusation occurred, and Appellant had been informed of the complainant’s allegations at the time.  Appellant had received an email from the complainant’s mother in April 2004 which referred to the previous abuse accusation.

Appellant’s attorneys contacted the authorities in Missouri about the investigation.  Although they were told that it would take some time to retrieve the documents related to the investigation, Appellant’s attorneys did not file a motion for a continuance.

A jury was sworn and trial began on May 9, 2006.  Appellant did not move for a continuance before the jury was sworn.  Appellant pled not guilty, and the State presented its opening argument and two witnesses.  The State’s second witness was the complainant’s mother.  Appellant cross-examined her about the complainant’s allegations against the daycare owner.  Appellant introduced a copy of the email the complainant’s mother had sent Appellant referring to the allegations.  The trial court adjourned for lunch after the examination of the witness.  During the break, Appellant’s attorneys learned that the State had been in possession of this evidence, but it had not been included in the State’s files made available to Appellant’s attorneys.

Appellant argued that the State had violated its duty to disclose evidence and requested a mistrial or a continuance “to pursue the experts we now know we need.”  After argument and testimony, the court granted the mistrial. On June 21, 2006, to prevent his retrial, Appellant filed an application for writ of habeas corpus alleging double jeopardy.  The trial court denied relief after a hearing.  In its findings of fact and conclusions of law, the trial court found that the prosecutors did not engage in deliberate misconduct and that Appellant’s failure to investigate the complainant’s prior allegations resulted from Appellant’s lack of due diligence.

In one issue, Appellant contends that the trial court erred by denying relief on double jeopardy grounds because the prosecutor willfully withheld exculpatory evidence.  The State has an affirmative duty under the due process clause to disclose material evidence favorable to the accused.
(footnote: 2)  The due process clause is violated when a prosecutor fails to disclose evidence favorable to the accused when that evidence creates a probability sufficient to undermine confidence in the outcome of the proceeding.
(footnote: 3)  When the trial court finds that a prosecutor has violated the due process clause by failing to disclose evidence, the trial court may either declare a mistrial or grant a motion for continuance.
(footnote: 4)  Retrial after a mistrial is barred only when “the conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial.”
(footnote: 5)
 The prosecutor in the case now before this court seemed surprised that the testimony of the complainant’s prior accusation would constitute 
Brady
 material because he knew that Appellant knew of the earlier accusation.  The trial judge took the prosecutor to task for failing to disclose to Appellant the circumstances of the prior accusation.  The trial court then entered written findings of facts and conclusions of law that conflict to some extent with the statements on the record.  In the written findings and conclusions, contrary to the statements in court, the trial court concluded that the State did not violate its constitutional duty to disclose 
Brady
 material.  The trial court explained in its written findings of fact that Appellant’s motion for mistrial was granted not because of the conduct of the prosecution but to provide Appellant with additional time for his counsel to investigate the prior accusation.

Despite this confusion, the law is clear.  This mistrial was not sought by the State but occurred while the trial was going quite well for the State.  Appellant not only was aware of the prior accusation but actively participated in all that was done to investigate the accusation.  Apparently, either Appellant’s counsel was the only one who was unaware of the prior accusation until made aware by Appellant’s mother, or Appellant’s counsel believed the prosecutor was unaware of the prior accusation until discovering otherwise after trial began.

Giving the appropriate deference to the trial court’s findings of fact,
(footnote: 6) we hold that Appellant failed to prove a double jeopardy violation.  We overrule his sole issue and affirm the trial court’s order.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Brady v. Maryland
, 373 U.S. 83, 88, 83 S. Ct. 1194, 1196-97 (1963).

3:
Banks v. Dretke
, 540 U.S. 668, 691, 124 S. Ct. 1256, 1272 (2004); 
Sprinkler v. Greene
, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999); 
Ex parte Richardson
, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); 
Wyatt v. State
, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).

4:
See Wilson v. State
, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999).

5:
Oregon v. Kennedy
, 456 U.S. 667, 679, 102 S. Ct. 2083, 2091 (1982).

6:
See Ex parte Briseno
, 135 S.W.3d 1, 12-13 (Tex. Crim. App. 2004).